RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 12 / 15 / 05
BY Dm

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

UNITED STATES OF AMERICA

versus                                                    CRIMINAL NO. 03-50002-01
                                                          JUDGE TOM STAGG
RYAN D. ROBERSON

## MEMORANDUM RULING

Before the court is Ryan D. Roberson's ("Roberson") motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. See Record Document 31. Based on the following, Roberson's motion is **DENIED**.

### I. BACKGROUND

**A.    Factual Background.**

On August 22, 2002, Roberson considered selling nine ounces of powder cocaine to a confidential informant, but at the last minute chose not to complete the transaction. When officers attempted to stop Roberson's car as he fled the scene, he threw a handgun and approximately 61.8 grams of powder cocaine from the vehicle. A search warrant was executed at his house that same night, wherein police discovered 19.5 grams of crack cocaine, 9.9 grams of powder cocaine, .3 grams of

marijuana, and "3 kilograms of cocaine wrappers." Record Document 33 at 3. Roberson later stated that he had received 62 grams of powder cocaine every week from a man named Antonio Lovelace.

**B.    Procedural History.**

On January 16, 2003, a one count bill of information was filed against Roberson, charging him with conspiracy to distribute 50 grams or more of cocaine base, otherwise known as crack cocaine, in violation of 21 U.S.C. §§ 841 (a)(1) and 846. See Record Document 9. The count alleged that the conspiracy began on or about June of 1996 and continued through January 8, 2003. Pursuant to a plea agreement, Roberson pled guilty on January 22, 2003.

At sentencing, this court held Roberson responsible for 6.448 kilograms of crack cocaine. The presentence investigation report ("PSR") indicated that although Roberson may have possessed additional amounts of the drug, the "maximum amount of crack cocaine support for guideline purposes is 1.5 kilograms." Record Document 33 at 3-4. Roberson's base offense level was 38. He received a two point enhancement because he was in possession of a firearm during his flight from the aborted drug deal on August 22, 2002. He also received a three point reduction for acceptance of responsibility, resulting in a total offense level of 37. Roberson had

a criminal history category of III, which resulted in an imprisonment range between 262 months and 327 months. This court sentenced Roberson to 262 months of imprisonment.

## II. LAW AND ANALYSIS

The government argues that Roberson's section 2255 claims cannot presently be considered. "Challenging a conviction and sentence with a section 2255 motion is fundamentally different from a direct appeal." United States v. Samuels, 59 F.3d 526, 528 (5th Cir. 1995). The Fifth Circuit has held:

> Relief under 28 U.S.C.A. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted). Roberson "may not raise an issue [constitutional or jurisdictional in nature] for the first time on collateral review without showing both 'cause' for [his] procedural default, and 'actual prejudice' resulting from the error." United States v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (citation omitted).

To establish "cause," Roberson must show that some external impediment prevented him from raising the claim on direct appeal. See United States v. Flores,

981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, Roberson must demonstrate substantial prejudice, such that the integrity of the entire proceeding was infected. See Shaid, 937 F.2d at 233. Further, Roberson may not raise any non-constitutional errors in his section 2255 motion unless he establishes that "the error could not have been raised on direct appeal, and if condoned, would result in a complete miscarriage of justice." Id. at 232 (citation omitted).

Roberson has neglected to show cause for his failure to argue these issues on direct appeal or actual prejudice resulting from his error. Moreover, he has not established that the alleged errors would result in a complete miscarriage of justice, as he has failed to prove his actual innocence. See Flores, 981 F.2d at 236 (stating that without a colorable showing of factual innocence, a defendant fails to show a fundamental miscarriage of justice). However, in an abundance of caution, the court will proceed to the merits of his claims.

**A.    Sentencing.**

Roberson urges a violation of his Sixth Amendment rights, arguing that the Constitution requires a jury to decide the facts which lengthened his sentence. See Record Document 31 at 7. Essentially, he is seeking relief under United States v. Booker, --- U.S. ---, 125 S. Ct. 738 (2005).

In United States v. Booker, the Supreme Court held that the mandatory nature of the United States Sentencing Guidelines ("Guidelines") violated the Sixth Amendment right to a trial by jury when a sentence was increased based on facts found by the judge that were neither admitted by the defendant nor found by a jury. See Booker, 125 S. Ct. at 750, 764. The Court thus excised the mandatory portions of the statute, thereby bringing the Guidelines back in line with the Sixth Amendment. See id. However, the Court noted that its decision would only apply to those cases on *direct* review. See id. at 745. As Roberson's case is no longer on direct review, Booker is inapplicable. See United States v. Gentry, No. 04-11221, 2005 WL 3317891, at *4 (5th Cir. Dec. 8, 2005) (holding that Booker does not apply retroactively on collateral review).

In addition, the Fifth Circuit Court of Appeals recently interpreted Booker and its effect on the sentencing process in the Fifth Circuit. In United States v. Mares, the Fifth Circuit held that judicial fact-finding is permissible. See United States v. Mares, 402 F.3d 511, 519 (5th Cir. 2005). The court explained that, "[t]he Guideline range should be determined in the same manner as before Booker/Fanfan." Id. Indeed, "Booker contemplates that, with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge

from finding all facts relevant to sentencing." Id. (citing Booker, 125 S. Ct. at 750, 764). Accordingly, it is clear that in spite of Booker, this court was free to consider aggravating factors without violating Roberson's Sixth Amendment rights. His argument to the contrary is without merit.

**B.    Rule 32.**

Roberson next contends that Federal Rule of Criminal Procedure 32(e)(2) was violated because he never reviewed a copy of his PSR. However, the records from the sentencing hearing reflect that the defendant informed this court that he had, in fact, reviewed the report. See Record Document 16. In addition, Roberson's own section 2255 motion reveals that he reviewed the PSR prior to sentencing. Indeed, his petition plainly states that he "briefly viewed his lawyer's copy on May 14, 2003." Record Document 31 at 4.

Nonetheless, even if this court were to accept the defendant's claim that he did not review the PSR prior to his sentencing, Roberson would not necessarily be entitled to a new sentence, but only to a hearing to correct any "inaccuracies" in the report. See United States v. Bartholomew, 974 F.2d 39, 43 (5th Cir. 1992). The only "inaccuracy" that Roberson raises is that the base offense level of 38 was based on a larger drug quantity than he understood. That is, he maintains that he was

unaware of the fact that he was pleading guilty to such a large drug amount, even though the charge against him plainly was for 50 grams or more of crack cocaine.

Roberson's disclaimer of knowledge is conclusory and unsupported. To the extent he is entitled to a hearing under Bartholomew, his present motion provides a proper forum. For reasons stated elsewhere in this opinion, this court finds that Roberson's allegations on the issue are not credible. Therefore, this claim must fail.

### C. Due Process Violation.

Roberson maintains that his Fifth Amendment rights were violated when this court "erroneously" held him responsible for 6.448 kilograms of crack cocaine. He alleges that when he agreed to plead guilty, he was taking responsibility for 50 to 150 grams of crack cocaine, but that he did not understand he was admitting his guilt to any amount in excess thereof. If correct, the appropriate offense level would have been 32. Roberson was sentenced, however, based on 1.5 kilograms (1500 grams) or more of crack cocaine, an offense level of 38.

Although Roberson may now claim to have understood his plea as limiting to 150 grams the amount of crack cocaine for which he was responsible, the documents signed by the defendant at the time of his guilty plea plainly belie his assertions. Indeed, he was charged with conspiracy to distribute *50 grams or more* of crack

7

cocaine. He pleaded guilty to count one of the indictment, which clearly stated that Roberson conspired to distribute *50 grams or more* of crack cocaine. See Record Document 9.

Furthermore, the document entitled "Elements," which refers to the elements of this particular offense, clearly provided that the overall scope of the conspiracy involved *at least* 50 grams of crack cocaine. See Record Document 14. Moreover, in the plea agreement, signed by the defendant, Roberson conceded that the terms contained therein encompassed the entirety of his agreement with the government. See Record Document 12. That is, the agreement on paper reflected his understanding of the circumstances, including both the charge and the guilty plea. And the agreement between the parties, as reflected by the plea agreement, was that Roberson was pleading guilty to 50 grams *or more* of crack cocaine.

Documents signed by the defendant at the time of the guilty plea are entitled to "great evidentiary weight." United States v. Abreo, 30 F.3d 29, 32 (5th Cir. 1994); Hobbs v. Blackburn, 752 F.2d 1079, 1081 (5th Cir. 1985). Roberson has not presented any *evidence* to refute the documents he signed. The plea agreement, which is entitled to "great evidentiary weight," provides that he entered into the agreement "freely, knowingly, and voluntarily with no threats or coercion, after due

8

consultation with his attorney." Record Document 12 at 4. Roberson has presented *no* evidence to contradict these statements. Instead, all of the documents detailed above clearly indicate that Roberson was aware that he was pleading guilty to conspiracy to distribute 50 grams or more of crack cocaine. In the instant case, the elements of the offense, the indictment, and the plea agreement all belie the contention that the drug amount was limited to an amount between 50 and 150 grams. It is clear that Roberson was charged with and pleaded guilty to a drug quantity of or in excess of 50 grams and that no limit was ever placed upon that number. Accordingly, this argument is without merit.

**D.  Ineffective Assistance Of Counsel.**

Roberson contends that he was denied effective assistance of counsel because of his trial counsel's failure to (1) object to allegedly erroneous information contained within the PSR; (2) file a notice of appeal; and (3) object to this court's fact-finding during the sentencing hearing. Roberson also contends that he was denied effective assistance of counsel at the appellate level because of his attorney's failure to: (1) raise ineffective assistance of trial counsel; (2) allege a violation of the plea agreement; and (3) submit any other issues that should have been raised on direct appeal.

9

To prevail on a claim of ineffective assistance of counsel, Roberson must prove that (1) his counsel's actions fell below an objective standard of reasonableness and (2) his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the Strickland analysis, the court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. See Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id. at 690, 104 S. Ct. at 2066.

Under the second prong of the Strickland test, the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. To satisfy the prejudice prong of the Strickland test in the context of a non-capital sentencing proceeding, Roberson must establish "a reasonable probability that, but

for the deficient performance of counsel, his sentence would have been significantly less harsh." United States v. Seyfert, 67 F.3d 544, 548 (5th Cir. 1995). If Roberson fails to establish either prong of the Strickland test, then his claim of ineffective assistance of counsel must fail.

1. **Failure To Object To Information Contained Within The PSR.**

As previously discussed, Roberson asserts that this court erroneously held him responsible for 6.448 kilograms of crack cocaine. Here, he contends that his trial counsel was ineffective because she "failed/refused to dispute erroneous information in Petitioner's presentence investigation report." Record Document 31. However, as already mentioned in this memorandum ruling, Roberson was well aware that the charge against him and to which he pleaded guilty involved 50 grams or more of crack cocaine. The evidence in this case reflects that the charge was never limited to 150 grams or less of crack cocaine, as Roberson contends. His arguments to the contrary are without merit.

Nevertheless, regardless of his attorney's performance and whether or not she should have objected to the PSR, a "conviction should be upheld if the plea was voluntary." DeVille v. Whitley, 21 F.3d 654, 659 (5th Cir. 1994). Roberson has not established that his plea was involuntary. Moreover, he has not established

either prong of the requisite <u>Strickland</u> showing as to this claim. Because he pleaded guilty, he must demonstrate that there is a "reasonable probability that but for his counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" in order to establish prejudice. <u>United States v. Glinsey</u>, 209 F.3d 386, 392 (5th Cir. 2000) (citing <u>Hill v. Lockhart</u>, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985)). This he has failed to do. Nowhere in his motion does he contend that he would not have pleaded guilty and would have insisted on proceeding to trial.

Rather, all of the evidence in this case indicates that he had fully contemplated his decision to plead guilty. The plea agreement signed by Roberson, which is entitled to "great evidentiary weight," provides that he entered into the agreement "freely, knowingly, and voluntarily with no threats or coercion, after due consultation with his attorney." Record Document 12 at 4. Roberson has presented *no* evidence to contradict these statements. Likewise, there is simply nothing in the record to carry his contentions. The Fifth Circuit has stated:

> Absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his <u>pro se</u> petition (in state and federal court), unsupported and unsupportable by anything else contained in the record, to be of probative evidentiary value. We are thus bound to re-emphasize that mere conclusory allegations do not raise a constitutional issue in a habeas proceeding.

Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted). Thus, Roberson's claim that his counsel was deficient for failing to object to the PSR fails.

### 2. Failure To File A Notice Of Appeal.

Roberson contends that he lost his right to appeal because his attorney neglected to file a notice of appeal. However, this court granted Roberson an out-of-time appeal. See Record Document 20.

Nevertheless, Roberson was fully informed of the availability of an appeal by virtue of the Rule 11 colloquy provided by this court. There is simply no evidence that Roberson's counsel performed in a professionally unreasonable manner, as nowhere does Roberson allege that he ever instructed his counsel to file an appeal. Thus, there is *no* evidence that defense counsel failed to follow his direct instructions to file a notice of appeal. See Ross v. Estelle, 694 F.2d 1008, 1011-1012 (5th Cir. 1983) (citations omitted) (explaining that absent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition, unsupported and unsupportable by anything else contained in the record, to be of probative value and that mere conclusory allegations do not raise a

constitutional issue in a habeas proceeding). Accordingly, Roberson's claim that his counsel was deficient in failing to file a notice of appeal on his behalf fails.

### 3. Judicial Fact-Finding.

Roberson argues that his attorney rendered ineffective assistance by failing to "object to the judge making findings of fact by a preponderance of facts relied on to increase the Petitioner's sentencing ceiling . . . ." Record Document 31 at 5. Essentially, he is asserting that this court breached its authority by fact-finding during Roberson's sentencing hearing. However, as previously discussed, the Fifth Circuit Court of Appeals specifically authorized judicial fact-finding by the court in United States v. Mares. Indeed, Mares provides that, "with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." Mares, 402 F.3d at 519 (citing Booker, 125 S. Ct. at 750). Thus, because this court was free to consider aggravating factors without violating Roberson's rights, his counsel did not render ineffective assistance by failing to object to this judicial function. Indeed, a counsel is not deemed "deficient for failing to press a frivolous point." Sones v. Hargett, 61 F.3d 410, 415 n.5 (5th Cir. 1995). Nor is counsel required to make the futile motions or objections desired by his client. See Koch v. Puckett, 907 F.2d 524, 527

14

(5th Cir. 1990). Therefore, Roberson's counsel was not ineffective for failing to object to this court's fact-finding.

Ultimately, Roberson has failed to satisfy either prong of the Strickland test. As to cause, he has neglected to present any evidence to overcome the presumption that his attorney's actions were encompassed within the wide range of reasonable competence and fell under the ambit of strategy. As to prejudice, he has presented no evidence establishing that his attorney's actions were so serious as to render the proceedings unreliable and fundamentally unfair. Accordingly, Roberson's ineffective assistance claims with respect to his trial counsel are without merit.

### 4. Appellate Issues.

Roberson also contends that his appellate counsel rendered ineffective assistance. Appellate performance is judged under the same Strickland standard as trial performance. See United States v. Williamson, 183 F.3d 458, 462 (5th Cir. 1999). Accordingly, Roberson must establish both deficient performance and prejudice resulting therefrom to succeed on this claim. See id.

First, Roberson claims his appellate counsel was ineffective by failing to raise the alleged ineffective representation by Roberson's trial counsel. However, ineffective assistance claims generally are not reviewable on direct appeal because

the record has not yet been established before the district court. See United States v. McIntosh, 280 F.3d 479, 481 (5th Cir. 2002). Indeed, as the Fifth Circuit has noted, "'we resolve claims of inadequate representation on direct appeal only in rare cases where the record allow[s] us to evaluate fairly the merits of the claim.'" Id. (quoting United States v. Lampazianie, 251 F.3d 519, 523 (5th Cir. 2001)). Thus, that Roberson's trial counsel decided not to raise this argument on appeal is insufficient to establish the requisite Strickland showing.

Roberson next claims his appellate counsel performed deficiently by neglecting to raise a violation of Roberson's plea agreement with the government. Roberson contends that the government breached the plea agreement by attributing 6.448 kilograms of cocaine to him. The problem with this argument is three-fold. First, an examination of the plea agreement reveals neither a breach nor a violation. The agreement clearly sets forth that Roberson was pleading guilty to count one of the indictment, which charged him with conspiracy to distribute *fifty grams or more* of crack cocaine. As previously discussed, nowhere in the plea agreement or otherwise does the government ever limit the amount of cocaine attributable to Roberson to 150 grams or less, the amount that Roberson now contends was the maximum amount to which he was pleading guilty.

16

Second, Roberson seemingly believes that it was the government that bears responsibility for the 6.448 kilogram attribution found in the PSR. However, it is the United States Probation Office, an impartial entity that reports not to the U.S. Attorney's Office but to this court, that bears the burden of preparing the PSR. Therefore, the attribution of such a large amount of cocaine to the defendant in this report in no way affected the validity of Roberson's plea agreement because the government was not responsible for the information contained within the report. Again, there were two entirely separate agencies at work here, one working as the prosecution, and the other assisting the court. Their respective statements are not imputable to one another.

Third, the plea agreement signed by Roberson states, "This is the entire plea agreement between the United States Attorney's Office and the Defendant . . . ." Record Document 12 at 4. Because the defendant conceded that the document represented the entirety of the parties' agreement, promises or statements made by the government, if any, regarding the amount of cocaine for which Roberson would be held responsible are irrelevant, as they are not documented within the plea agreement.

Roberson's final ineffective assistance claim urges that appellate counsel performed deficiently by failing "to submit any appellate issues on direct appeal." Record Document 31. However, "[m]ere conclusory allegations in support of a claim for ineffective assistance of counsel are insufficient to raise a constitutional issue." Green v. Johnson, 160 F.3d 1029, 1045 (5th Cir. 1998). Without specifically identifying the appellate issues that should have been raised on direct appeal, Roberson certainly cannot satisfy his burden under Strickland.

5. **Conclusion Regarding Ineffective Assistance.**

As discussed previously in this memorandum ruling, all of Roberson's contentions have failed to pass muster. To succeed under Strickland, a defendant must establish both cause and prejudice. The failure to establish either prong renders the issue moot. Because Roberson has failed to meet this jurisprudential requirement, his ineffective assistance of counsel claims are without merit.

### III. CONCLUSION

Roberson's complaints regarding his sentencing, a Rule 32 violation, a due process violation, and ineffective assistance of counsel fail. Therefore, his motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Record Document 31) is **DENIED.**

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 14th day of December, 2005.

JUDGE TOM STAGG